Matter of Sallaway (2021 NY Slip Op 01686)





Matter of Sallaway


2021 NY Slip Op 01686


Decided on March 19, 2021


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Mar. 19, 2021.)


&em;

[*1]MATTER OF GEORGE H. SALLAWAY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam.
Opinion: Respondent was admitted to the practice of law by the Appellate Division, First Department on January 14, 2002, and he maintains an office in Fayetteville. In July 2020, the Grievance Committee filed a petition asserting against respondent three charges of professional misconduct, including failing to keep two clients reasonably informed about their matters, neglecting those client matters, and aiding a non-lawyer in the unauthorized practice of law. In lieu of respondent filing an answer to the petition, the parties filed a joint motion for an order imposing discipline by consent wherein respondent conditionally admits that he engaged in certain acts of professional misconduct and requests that the Court enter a final order of discipline imposing the sanction of suspension for a period of two years.
With respect to charge one, respondent conditionally admits that, in or about January 2017, he agreed to serve as local counsel to an out-of-state based entity, National Legal Professional Associates (NLPA), to represent a defendant who had been convicted in state court and sentenced to a term of incarceration of 25 years. Respondent admits that he thereafter failed to respond to several inquiries from the client, failed to take action on behalf of the client for extended periods of time, disclosed to NLPA confidential information of the client without discussing the disclosure with the client, and allowed the client to discuss the matter directly with representatives of NLPA without any oversight or involvement of respondent. Respondent also admits that he permitted NLPA to negotiate his legal fee in the matter and that he received payment of a portion of his legal fee from NLPA. Respondent further admits that, in June 2018, he filed in state court a motion seeking certain post-conviction relief on behalf of the client, but the motion was summarily denied in July 2018. Respondent admits that, although he thereafter moved for an extension of time to appeal that determination, the motion court rejected the filing because respondent failed to comply with the rules of that court. Respondent admits that, although the motion court also informed respondent of the proper procedure to make a motion for an extension of time to file an appeal, he thereafter did not take any further action on behalf of the client.
With respect to charge two, respondent conditionally admits that, in May 2014, he agreed to represent a defendant in a criminal matter who had been convicted and sentenced to a term of incarceration of 25 years to life. Respondent admits that he accepted the representation from NLPA, that he allowed NLPA to negotiate his legal fee in the matter, and that he received payment of a portion of his legal fee from NLPA. Respondent admits that, from July 2014 through March 2018, he did not have any direct contact with the client, although he allowed the client to discuss the matter directly with representatives of NLPA without any oversight or involvement of respondent. Respondent admits that, in March 2018, the client instructed respondent to file an appeal, but respondent disregarded the client's instructions and subsequently failed to respond to inquiries from the client regarding the matter. Respondent admits that, for approximately five years, he failed to file any papers on behalf of the client or to request from the appellate court an extension of time to do so.
With respect to charge three, respondent conditionally admits that, between April and October 2019, he failed to respond in a timely manner to requests from the Grievance Committee seeking information and documentation concerning the allegations of misconduct that gave rise to charges one and two of the petition.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed in this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct [*2]and the specific rules or standards of conduct violated, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's conditional admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (c) (2)—intentionally prejudicing or damaging a client during the course of a professional relationship;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 5.4 (a)—sharing legal fees with a non-lawyer;
rule 5.5 (b)—aiding another in the unauthorized practice of law; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered the nature of the misconduct, the harm or prejudice to respondent's clients that resulted from his misconduct, and the fact that respondent has previously received a letter of caution concerning his alleged failure to respond to inquiries from a client and failure to provide competent representation to a client.
We have also considered that, in 2010, respondent became aware that the United States District Court for the Northern District of New York (District Court) had issued a memorandum-decision and order finding that NLPA and its associates engaged in the unauthorized practice of law in relation to a criminal matter involving two defendants. District Court cited several concerns that, in our view, are relevant to the circumstances underlying the charges in this matter. District Court cited NLPA's potential interference with the lawyer-client relationship, evasion of supervision by the bar associations and courts, and avoidance of the strictures imposed by the New York Rules of Professional Conduct, including those regarding supervision of fee arrangements, protection against conflicts of interest, and safeguards pertaining to a client's confidential information and privileged communications (see In re National Legal Professional Assoc. , 2010 WL 624045, *21-23 [ND NY, Feb. 18, 2010, No. 1:08-MC-101 (NAM/DRH)]). In this case, there is no indication in the record that respondent took adequate measures to protect his clients from harm or prejudice related to those concerns.
Accordingly, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.